Joseph G. CHEROCHAK, Jr., Plaintiff,

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**C.A. No. 9:07–CV–3061–PMD.**

United States District Court,
D. South Carolina,
Beaufort Division.

Oct. 7, 2009.

Beth Ann Gilleland, Beth Ann Gilleland Law Office, Bluffton, SC, for Plaintiff.

Theodore Dubose Willard, Jr., Montgomery Willard Law Office, Columbia, SC, for Defendant.

### ORDER

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the court upon Plaintiff Joseph G. Cherochack, Jr.'s Motion to Alter or Amend Judgment and Motion to Amend Complaint. Based on the following, the court denies Plaintiff's Motions.

### ANALYSIS

Plaintiff stated in his memorandum that "[i]n light of case law regarding enforcement of the Regulatory Settlement Agreement ("RSA"), the Plaintiff concedes that his first [declaratory judgment] and third [breach of contract] causes of action are, in fact, pre-empted by ERISA and therefore, should be decided upon the facts as set forth in Plaintiff's Amended Complaint pursuant to 29 U.S.C. § 1132(a)(1)(B)." To be clear, the court dismissed Plaintiff's breach of contract claim based on the Regulatory Settlement Agreement because, as quoted above, Plaintiff conceded that ERISA preempted this claim. The court only expounded on the statute of limitations issue in a footnote to explain that, insofar as Plaintiff attempted to bring the claim pursuant to 29 U.S.C. § 1132(a)(1)(B), the court had previously determined that claims pursuant to that section were time-barred. Now, in his Motion to Alter or Amend Judgment, Plaintiff argues that the court should not find that the statute of limitations bars his breach of contract claim based upon his third-party beneficiary status of the Regulatory Settlement Agreement because "[t]he fact that [his] cause of action for breach of the RSA is preempted by ERISA does not change the nature of the cause of action or the facts in support of it." (Mot. to Alter or Amend at 1.) To support his motion, Plaintiff cites to *Ayoub v. Unum Life Ins. Co. of Am.*, 07–CV–13158, 2007 WL 3053639, 2007 U.S. Dist. LEXIS 77727 (E.D.Mich. Oct. 19, 2007), where—in ruling on a motion for sanctions—a court found that a plaintiff's second action against the defendant, which alleged that the defendant breached a regulatory settlement agreement, was not so clearly barred by res judicata to "rise to the level of frivolity." *Id.* at *3, 2007 U.S. Dist. LEXIS 77727 at *7. Plaintiff also cites to *Sanders v. Unum Life Ins. Co. of Am.*, No. 03 C 6026, 2007 WL 1455856, 2007 U.S. Dist. LEXIS 35818 (N.D.Ill. May 14, 2007), where a court, in dicta, suggested that the plaintiff possibly could

seek enforcement of the regulatory settlement agreement through a third-party beneficiary theory when the defendant failed to reassess plaintiff's claim entirely. *Id.* at *1, 2007 U.S. Dist. LEXIS 35818 at *3. Neither of these cases addressed the merits of a breach of contract claim based on a third-party beneficiary status.

In *Goldberg v. Unum Life Insurance Co. of America*, the United States District Court for the District of Maine did analyze a plaintiff's breach of contract claim based on a third-party beneficiary status to an RSA and granted the defendants' motion to dismiss that claim, concluding the plaintiff's claims were preempted by ERISA. 527 F.Supp.2d 164 (D.Me.2007). The plaintiff in *Goldberg* asserted two claims against the defendants: (1) a breach of contract against Unum Life, alleging that defendant's "refusal to reinstate the balance of payments due to [him] was a breach of the duties and responsibilities set forth in the RSA and was a failure of Unum Life's obligation to comply with the terms and conditions of the [Regulatory Settlement Agreement];" and (2) a claim for tortious interference with contractual relationships against Unum Group, alleging that but for the interference "with the contractual relationships between the plaintiff and Unum Life arising out of the Regulatory Settlement Agreement the plaintiff would have been paid the long-term disability benefits due under the original disability contract." *Id.* at 167–68. The defendants moved to dismiss, arguing the claims were preempted by ERISA, but the plaintiff argued dismissal was inappropriate as his "claims ... are derived not from Unum's group disability plan itself, but from the terms of the RSA entered into between the [d]efendants and the insurance regulators of 49 states, of which [the plaintiff] is a third-party beneficiary." *Id.* at 168.

The court concluded the plaintiff's breach of contract claim was preempted by ERISA. *Id.* at 169–71. The court stated that the plaintiff's arguments "that his claims are not 'derived' from the plan and that the RSA is somehow entirely 'independent' from the plan[ ] belie the actual allegations in his Amended Complaint." *Id.* at 169–70. The court noted the "heart" of the plaintiff's complaint was the refusal to pay long-term disability benefits under the terms of an ERISA-governed policy. *Id.* at 170. It stated, "Because the terms of [p]laintiff's policy, an ERISA plan, govern his entitlement to benefits, it would be impossible to determine whether [d]efendants' decision not to reinstate benefits constituted a breach of contract without consulting and applying the terms of the ERISA plan." *Id.* The court further stated,

Although [p]laintiff attempts to avoid preemption through his reliance on the RSA, he does not allege that the RSA in any way sought to alter the terms or conditions of his policy. To the contrary, the Amended Complaint makes clear that the RSA simply provided a process whereby certain claimants could have their claims for benefits under their policies reassessed. Nor does [p]laintiff allege that Unum Life failed to do what it [was] supposed to do under the terms of the RSA. Instead, [p]laintiff's Amended Complaint asserts that he elected to have Unum Life reassess his claim and participated in the reassessment ... [and] on March 20, 2007, Unum Life ... communicated its final determination of unwillingness to reconsider payment of additional benefits. The breach [p]laintiff alleges is Unum's refusal to reinstate the balance of payments. It is impossible to consider the breach without consulting and applying the terms of that original disability contract.

Although Plaintiff weakly attempts to avoid preemption by vague references to the RSA, it is abundantly clear that in order to prevail on his breach of contract claim, Plaintiff must plead, and the court must find, that an ERISA plan exists. Clearly, the state law claims in Plaintiff's Amended Complaint are preempted.

*Id.* at 170–71 (internal quotation marks and citations omitted).

Section 514(a) of ERISA specifically preempts "all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). This preemption provision has "unparalleled breadth," *Holland v. Burlington Indus., Inc.,* 772 F.2d 1140, 1147 (4th Cir. 1985), *abrogated on other grounds by Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and a law "relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). A review of Plaintiff's Amended Complaint makes clear that Plaintiff's primary complaint against Unum is that it "failed to provide a de novo review of his claim," (*See, e.g.,* Am. Compl. ¶ 45); therefore, it is clear that the RSA simply provided a process whereby Plaintiff could have his claims for benefits under his policy reassessed. The RSA did not alter the terms or conditions of his policy, which would have allowed the court to determine his complaints without referring to the ERISA-governed policy in question. Moreover, in his memoranda, Plaintiff still concedes that ERISA preempts this claim. (*See* Mot. to Alter or Amend at 1) ("The fact that the Plaintiff's cause of action for breach of the RSA *is preempted by ERISA* does not change the nature of the cause of action or the facts in support of it."); and (Reply Mem. at 1) ("The fact that the matter is *preempted by ERISA* does not change the date of the infraction.") (emphasis added).[1]

Since Plaintiff concedes the matter is preempted by ERISA, which is the reason why the court originally dismissed Plaintiff's breach of contract claim, the court denies Plaintiff's Motion to Alter or Amend its June 17, 2009 order. Plaintiff also moves the court for leave to amend his Amended Complaint to add "*state law* causes of action for fraud, breach of contract accompanied by fraudulent intent and intentional infliction of emotional distress," (Mot. to Amend Compl. at 1) (emphasis added), based upon Plaintiff's alleged third-party beneficiary status of the Regulatory Settlement Agreement. The court denies this motion for the same reason it does not alter or amend its order, as Plaintiff's state law claims would be preempted by ERISA.

### CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff Joseph G. Cherochak, Jr.'s Motion to Alter or Amend Judgment and Motion to Amend Complaint are **DENIED**.

---

1. Notwithstanding the issue as to whether or not ERISA preempts Plaintiff's breach of contract claim, Plaintiff has not shown how he has standing to bring such a claim. *See Hall v. Unum–Provident Corp.,* No. CV06–238, 2006 WL 5218465, 2006 Me.Super. LEXIS 262 (Me.Sup.Ct.2006) (granting the defendant's motion to dismiss the plaintiff's claim that alleged breach of the RSA because the plaintiff was ineligible to bring suit to enforce the RSA).